■ In the Matter of VALLEY MALL REST. CORP., Doing Business as BEEFSTEAK CHARLIES, et al., Petitioners, v BOARD OF HEALTH OF THE COUNTY OF NASSAU et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondents dated March 27, 1990, which, after a hearing, suspended the petitioner's food establishment operating permit for 12 consecutive days and imposed a penalty of $6,200.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of vacating the finding of guilt as to charges Nos. 12, 15, 16, and 19, and the penalty imposed, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondents for the imposition of a new penalty in accordance herewith.

The petitioners claim that the respondents' determination is unsupported by substantial evidence and contrary to law. The petitioners also claim that the penalty is so disproportionate to the offenses as to be shocking to one's sense of fairness. We find that all but 4 of the 15 charges sustained by the respondents were supported by substantial evidence. Thus, the matter is remitted to the respondents to impose appropriate sanctions based on the 11 remaining charges of which the petitioner was properly found guilty. In light of this adjudication, it is unnecessary to reach the claim that the penalty

imposed was excessive. Nevertheless, we note that the evidence established that the restaurant was under the same ownership at the time of certain prior violations. Therefore, the respondents may properly consider the petitioners' prior violations in assessing an appropriate sanction in accordance with their repeat-offender policy. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.